# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-1453/00-2575

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the |
| Michael Grady, | * | Eastern District of Missouri |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted:   November 27, 2000

Filed:   December 4, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Michael Grady appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri upon his guilty plea to a charge of conspiring to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846. The district court sentenced appellant to 112 months imprisonment and five years supervised release. For reversal, appellant argues in appeal No. 00-1453 that the indictment was

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

insufficient under <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000) (<u>Apprendi</u>), because it omitted drug quantity, an element of the offense; and in appeal No. 00-2575, he contends that the district court erroneously denied his motion to include grand jury minutes in the record on appeal. In appeal No. 00-2575, counsel has moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).

We conclude that, because Grady's 112-month sentence does not exceed the twenty-year statutory maximum prison term for a non-quantity-based drug offense, it does not violate <u>Apprendi</u>. <u>See</u> <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 934 (8th Cir. 2000) (sentences "within the statutory range authorized by § 841(b)(1)(C) without reference to drug quantity, are permissible under <u>Apprendi</u> . . . even where the drug quantity was not charged in the indictment or found by the jury to have been beyond a reasonable doubt"), <u>cert. denied</u>, 2000 WL 1634209 (U.S. Nov. 27, 2000) (No. 00-6746). We also conclude that the district court did not abuse its discretion by denying Grady's motion to include grand jury minutes in the record on appeal, because his argument--that they might support a claim of ineffective assistance of trial counsel by showing what testimony could have been expected at trial--did not demonstrate a particularized need sufficient to require disclosure. <u>See</u> <u>United States v. Martin</u>, 59 F.3d 767, 771 (8th Cir. 1995) (ineffective-assistance claims are ordinarily not considered on direct appeal); <u>United States v. Broyles</u>, 37 F.3d 1314, 1318 (8th Cir. 1994) (abuse-of-discretion standard of review; movant must show particularized need for disclosure of minutes), <u>cert. denied</u>, 514 U.S. 1056 (1995).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we deny counsel's motion to withdraw in appeal No. 00-2575. Grady's request to file a pro se supplemental brief is granted, and the brief he tendered has been considered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.